IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEETESH GOYAL, | Case: 12-CV-02759 RMW |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO REMAND |
| CAPITAL ONE, N.A., sucessor in interest to ING BANK, FSB; INTEGRATED LENDER SERVICES, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff moves to remand this case to Santa Clara County Superior Court, alleging that state court has prior exclusive jurisdiction over the property at issue. Having considered plaintiff's motion and the record in this case, and for the reasons below, the court denies the motion to remand.

**ANALYSIS**

Geetesh Goyal ("plaintiff") commenced this action in Santa Clara County Superior Court on April 12, 2012, asserting claims for Breach of Covenant of Good Faith and Fair Dealing, Violation of Bus. & Prof. Code § 17200 *et seq.*, Promissory Fraud, Wrongful Foreclosure, Quiet Title, and Privity of Contract. Defendants removed the case to this court on May 30, 2012. Meanwhile, ING Bank ("defendant") filed an unlawful detainer action against plaintiff on May 8, 2012. *See* Dkt. No.

14-1, Ex. A.  In that action, plaintiff filed a Motion to Quash and Vacate Default on May 21, 2012.  Defendant served on plaintiff a request for dismissal dated May 22, 2012.  *See* Dkt. No. 14-1, Ex. C.  Another unlawful detainer action, brought by different individuals, was filed against plaintiff in Santa Clara County Superior Court on June 4, 2012.  *See* Dkt. No. 14-1, Ex. D.

Plaintiff asserts that the prior exclusive jurisdiction doctrine requires that this case be remanded back to state court.  This doctrine holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."  *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).  Plaintiff argues that the doctrine applies here since the state court previously assumed jurisdiction through the two unlawful detainer actions.  It is true that an unlawful detainer action had been filed in state court before this lawsuit was removed.  However, although the parties have not submitted any evidence showing when the request for dismissal was tendered to that court, it can be inferred that the request for dismissal was tendered on or shortly after May 22, 2012 and before this action was removed on May 30.  A request for dismissal is "effective upon tender and all subsequent proceedings [a]re void."  *Aetna Cas. & Sur. Co. v. Humboldt Loaders, Inc.*, 202 Cal. App. 3d 921, 181-82 (1988).  The filing of the voluntary dismissal "stripped [the state court] of jurisdiction to take any further action."  *See Franklin Capital Corp. v. Wilson*, 148 Cal. App. 4th 187, 192 n.6 (2007).  Since the unlawful detainer was no longer pending when plaintiff's case was removed, the state court no longer had any jurisdiction over the *res*,[1] so this court was free to exercise jurisdiction.  Furthermore, it is inconsistent for plaintiff to now argue that the state court had jurisdiction over the *res* in the first unlawful detainer action, when plaintiff previously argued to the Superior Court that it lacked such jurisdiction.  Finally, the second unlawful detainer action had not been filed until after the instant case was removed, and therefore does not affect jurisdiction over this case.  *See Montgomery v. National City Mortg.*, 2012 WL 196560, at *3 (N.D. Cal. May 31, 2012) (finding that since the court had obtained jurisdiction before the unlawful detainer was filed in state court, the prior exclusive jurisdiction doctrine did not apply).

---

[1] Since the prior exclusive jurisdiction doctrine does not apply as a matter of timing, the court does not settle the question of whether an unlawful detainer action is *in rem* or *quasi-in-rem* such that it would trigger the doctrine.

ORDER DENYING MOTION TO REMAND — Case: 12-CV-02759 RMW
LMP
2

Defendant's notice of removal asserts that this court has removal jurisdiction on the basis of diversity jurisdiction. Dkt. No. 1 at 2-4. Since plaintiff is not disputing that diversity jurisdiction exists, and the prior exclusive jurisdiction doctrine does not apply, the court finds there is no basis for remanding the case back to state court.

**ORDER**

For the foregoing reasons, the court denies plaintiff's motion to remand.

DATED: August 8, 2012

RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO REMAND  Case: 12-CV-02759 RMW
LMP                                3