**E-FILED on**   9/6/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEETESH GOYAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE, N.A., sucessor in interest to ING BANK, FSB; INTEGRATED LENDER SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. C-12-02759 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ALL COUNTS IN THE FIRST AMENDED COMPLAINT<br><br>**[Re Docket No. 18]** |

    Defendant ING Bank FSB, erroneously sued as Capital One, N.A., successor in interest to ING Bank FSB ("ING") moves to dismiss all counts in plaintiff's First Amended Complaint ("FAC"). Plaintiff opposes the motion.[1] On August 31, 2012, the court held a hearing to consider defendant's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants in part and denies in part the motion.

---

[1] Plaintiff filed a late opposition on August 2, 2012. In an accompanying declaration, plaintiff's counsel explains that an inadvertent calendaring error resulted in his missing the July 19, 2012 deadline for opposing defendant's motion. *See* Dkt. No. 21-1. Defendant objects to the tardy opposition but has not identified any specific prejudice it suffered. *See* Dkt. No. 24 at 2:20-3:10. Since the opposition was still filed well in advance of the hearing, and in light of counsel's explanation, the court will consider the opposition.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ALL COUNTS IN THE FIRST AMENDED COMPLAINT—No. C-12-02759 RMW
LJP

## I. BACKGROUND

In November 2006, plaintiff Geetesh Goyal entered into a thirty-year adjustable rate mortgage loan agreement, secured by a deed of trust listing defendant ING as the lender. FAC ¶¶ 10-11 & Exh. B. In early 2011, plaintiff missed his first mortgage payment "because of financial difficulties." *Id.* ¶ 13. Plaintiff thereupon contacted ING, the loan servicer at the time, about a potential modification of his monthly mortgage payment. *Id.* ¶ 14. Plaintiff alleges that ING's employee falsely represented to him in a March 15, 2011 telephone conversation that he must be in default to qualify for a loan modification. *Id.* ¶¶ 15-16. Thus, plaintiff alleges, "[i]n desperate need of assistance, and in reliance and trust in the information he received from ING, GOYAL allowed himself to become ninety days late on his mortgage in order to qualify for modification, and despite the fact that he could have made his April, May, and June 2011 mortgage payments." *Id.* ¶ 17.

On June 22, 2011, plaintiff contacted ING again and was instructed to provide certain documents to allow ING to consider plaintiff's loan modification application. *Id.* ¶ 18. Plaintiff alleges that, although he provided all requested documents and information in a timely fashion, ING knowingly delayed the process by repeatedly claiming they could not make a modification determination until additional documents were received. *Id.* ¶ 19. During this time, plaintiff made no payments against the note because he had allegedly been falsely advised by ING that he must "<u>remain</u> ninety days behind on [his] payments to be eligible for loan modification." *Id.* ¶ 46(a). Plaintiff alleges that, because ING did not respond until he was five months behind on payments, "the arrears had reached an amount ING knew, based on the upon the financial information it had acquired, that GOYAL would almost certainly not be able to bring current." *Id.* ¶ 21. Plaintiff claims that "ING knowingly engaged in this behavior to increase the chances of being able to increase the principle owed on the prospective modification through arrearage, late fees, and penalties, while retaining the ability to foreclose on the Property at any time." *Id.* ¶ 22. Finally, on October 28, 2011, plaintiff submitted his final loan modification application to ING. *Id.* ¶ 23.

On December 2, 2011, ING recorded a Notice of Trustee Sale indicating a date of sale of December 29, 2011. *Id.* ¶ 24 & Exh. D. Plaintiff contends this notice was in violation of Cal. Civ. Code § 2923.5 because it lacked a declaration of due diligence. *Id.* ¶ 24. Plaintiff alleges that he

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ALL COUNTS IN THE FIRST AMENDED COMPLAINT—No. C-12-02759 RMW
LJP      2

1  never received any notice of the trustee sale, whether by phone, posted notice, or mail. *Id.* ¶ 25. On
2  December 16, 2012, ING offered plaintiff a temporary loan modification that would have, *inter alia*,
3  lowered his monthly payments and interest rate for a period of twenty-four months. *Id.* ¶ 27.
4  Plaintiff alleges that, in a telephone call on that day, an employee of ING informed him that he had
5  thirty days to consider the modification offer and "in that time period we will not foreclose upon
6  your home." *Id.* ¶ 28. Nonetheless, the trustee sale was held on December 29, 2012, and the
7  property reverted to ING. *Id.* ¶ 30.

8  Plaintiff contends that he would not have allowed his mortgage to default after missing only
9  one payment but for ING's representation that it would only consider a permanent loan modification
10 if the loan was in default for ninety days. *Id.* ¶ 32. Plaintiff further contends that he would not have
11 allowed his time to consider the modification offer to expire if he had known of the trustee sale date.
12 *Id.* ¶ 33. In his First Amended Complaint, plaintiff brings claims for breach of fiduciary duty,
13 deceit, unfair competition, promissory fraud, quiet title, and negligence. Plaintiff also asserts some
14 of these claims against defendant Integrated Lender Services, Inc. ("ILS"), whom plaintiff alleges to
15 have acted as ING's agent. *Id.* ¶¶ 52, 71, 106. However, ILS has filed a declaration of non-
16 monetary status pursuant to Cal. Civ. Code 2924l (Dkt. No. 10), and no party has objected within the
17 fifteen-day objection period. ING now moves to dismiss all of the counts in plaintiff's complaint.

## II. ANALYSIS

19 As an initial matter, plaintiff does not oppose the motion to dismiss as to his claims for quiet
20 title and unfair competition. Thus, the motion is granted as to those claims, and the court proceeds
21 to consider the remaining claims.

### A. Claims for Breach of Fiduciary Duty and Negligence

23 ING argues that plaintiff's claims for breach of fiduciary duty and negligence fail because
24 ING, as a lender, did not owe plaintiff any special duties. "[A]s a general rule, a financial institution
25 owes no duty of care to a borrower when the institution's involvement in the loan transaction does
26 not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed.*
27 *Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff argues that ING went beyond the
28 role of a lender in acting as the loan servicer. As a servicer, plaintiff alleges, ING had the duty to

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ALL COUNTS IN THE FIRST AMENDED
COMPLAINT—No. C-12-02759 RMW
LJP                                            3

receive payments from plaintiff, hold those payments in trust, manage his escrow account, and pay his property taxes and insurance. FAC ¶ 45. However, plaintiff has not cited any authority suggesting that a servicer-borrower relationship or the alleged financial responsibilities give rise to a fiduciary duty. To the contrary, courts have held that loan services have no fiduciary duty when their involvement does not exceed their conventional role as a loan servicer. *E.g.*, *Huerta v. Ocwen Loan Servicing, Inc.*, 2010 U.S. Dist. LEXIS 17970 at *11 (N.D. Cal. Mar. 1, 2010). Moreover, even if ING owed plaintiff a duty in connection with its loan servicing activities, plaintiff has not alleged a breach that falls within the scope of ING's alleged responsibilities as a loan servicer. For example, plaintiff does not allege that ING mismanaged his escrow account or failed to hold his payments in trust. Rather, plaintiff's allegations of breach relate to the loan modification process and foreclosure sale. *See* FAC ¶ 46.

Plaintiff relies on *Nymark* and *Garcia v. Ocwen Loan Servicing, LLC*, 2010 WL 1881098 (N.D. Cal. May 10, 2010), to argue that ING owed him a special duty of care. In *Nymark*, the court applied a six-factor test for determining whether a financial institution owes a duty of care to a borrower-client: "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." 231 Cal. App. 3d at 1098 (citing *Biakanja v. Irving*, 49 Cal.2d 647, 650 (1958)). In *Garcia*, the district court applied this test to find that the defendant owed a duty of care in processing the plaintiff's loan modification application. 2010 WL 1881098 at *8. The court found that "by asking Plaintiff to submit supporting documentation, Defendant underdook the activity of processing Plaintiff's loan modification request. Having undertaken that task, it owed Plaintiff a duty to exercise ordinary care in carrying out that task." *Id.* at *4.

*Nymark* and *Garcia*, however, do not provide any support for imposing a fiduciary duty on ING. And while they suggest ING may have owed plaintiff a duty of ordinary care in processing his loan modification application, plaintiff again has failed to allege a breach that falls within the scope of that duty. For example, unlike in *Garcia*, plaintiff does not allege that his application documents

were routed to the wrong department.  Plaintiff's generic allegations about delay do not plausibly suggest negligence in connection with the processing of plaintiff's application.

### B.   Claims for Deceit and Promissory Fraud[2]

ING argues that plaintiff cannot state a claim for deceit because he fails to plausibly plead justifiable reliance and damages.  As to the alleged statement that plaintiff must default on his payments to qualify for loan modification, ING argues that plaintiff admits that he was suffering financial difficulties, and thus he did not justifiably rely on ING's alleged statement regarding default but was simply unable to make the payments.  However, plaintiff has alleged that, despite having missed one payment, he could have made subsequent payments and would not have allowed his mortgage to default but for ING's representation that he had to be in default to obtain a permanent loan modification.  FAC ¶¶ 15-17, 32.  The court agrees that these allegations somewhat strain credulity, but at this stage, the court must accept them as true.  Thus, plaintiff has sufficiently pled reliance.

As to the alleged statement that plaintiff had thirty days to consider the loan modification offer during which ING would not foreclose, ING argues that plaintiff's allegation that he was unaware of the December 29 trustee sale is implausible in light of ILS's efforts to give notice and the fact that plaintiff hired a foreclosure consultant.  ING relies on documents outside of the complaint to show that ILS purportedly fulfilled its obligations under Cal. Civ. Code § 2923.5, mailed the notice of trustee sale to plaintiff by first class and certified mail, posted the notice at the property, and published the notice in the *Milpitas Post*.  *See* Dkt. No. 18-2 (Request for Judicial Notice). However, although ILS has asserted these facts in publicly filed documents, and the court may take judicial notice of matters of public record, the court may not take judicial notice of disputed facts stated therein.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  The facts asserted by ILS are clearly disputed, as plaintiff alleges he did not receive any notice of the trustee sale.  ING has not presented any other basis on which the court can consider ILS's factual claims.  ING also has

---

[2]  Plaintiff's claims for unfair competition and promissory fraud are both labeled his third cause of action, and the promissory fraud claim appears to have been largely overlooked by both parties. However, it appears that the arguments regarding the deceit claim apply equally to promissory fraud.

not presented a basis on which the court can conclude from plaintiff's hiring of a consultant that he should have been aware of the trustee sale. Plaintiff points out that he hired a loan modification negotiation company, not a "foreclosure consultant." Given the standards governing a motion to dismiss, the court cannot accept ING's argument that "[i]f the foreclosure consultant had the alleged loan modification paperwork it [is] implausible to believe they did not review the status of the foreclosure sale." Dkt. No. 8-1 at 11:24-27. In sum, accepting the allegations of the complaint as true and drawing all reasonable inferences in plaintiff's favor, plaintiff has sufficiently alleged that he relied on ING's statement that it would not foreclose for thirty days and that he was unaware of the trustee sale.

ING also argues that plaintiff has not alleged any resulting harm from the alleged misrepresentations because he admits his poor financial circumstances caused his unexcused material breach of the loan agreement before any alleged misconduct by ING. The court agrees there may be some causation questions regarding the alleged injuries; however, as discussed above, the court at this stage must accept that plaintiff could have cured his default. While ING argued at the hearing that there is no difference between being in default and becoming further in default, it is still plausible that some of the consequences could have been avoided if plaintiff had missed only one payment. And while ING may question what plaintiff did with the money he allegedly withheld in monthly payments, the court cannot resolve such issues on a motion to dismiss.

ING also argued at the hearing that the notice issue is moot because plaintiff's home has already been sold. However, the court finds it plausible that plaintiff lost the opportunity to save his home from foreclosure—particularly accepting as true his allegation that ING was willing to offer him a modified payment plan. Thus, although plaintiff does not appear to be seeking the return of his home, he may still be able to recover monetary damages.

The court notes that other courts have been have been skeptical of claims based on a plaintiff being told he must be in default to qualify for loan modification. *See, e.g.*, *Valverde v. Wells Fargo Bank, N.A.*, 2011 WL 3740836 at *9 (N.D. Cal. Aug. 25, 2011) (rejecting claim for promissory estoppel); *Rumbaua v. Wells Fargo Bank, N.A.*, 2011 WL 3740828 at *3-5 (N.D. Cal. Aug. 25, 2011) (rejecting claims for negligent misrepresentation and promissory estoppel); *Dooms v. Fed.*

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS ALL COUNTS IN THE FIRST AMENDED COMPLAINT—No. C-12-02759 RMW
LJP 6

1  *Home Loan Mortg. Corp.*, 2011 WL 1303272 at *10- (E.D. Cal. Mar. 31, 2011) (rejecting fraud claim for failure to plead with particularity); *Thiel v. GMAC Mortg., LLC*, 2011 WL 304567 at *2-3 (E.D. Cal. Jan. 27, 2011) (same). However, ING has not raised those arguments here nor explained whether those holdings extend to this case. Based on the allegations and arguments presented, the court finds that plaintiff's misrepresentation claims are marginally plausible, but still plausible. Thus, the motion to dismiss is denied as to those claims.

### III. ORDER

For the foregoing reasons, the court grants in part and denies in part defendant's motion to dismiss. Plaintiff's claims for breach of fiduciary duty, unfair competition under Cal. Bus. & Prof. Code § 17200, quiet title, and negligence are hereby dismissed. The remainder of the motion to dismiss is denied.

DATED: 9/6/12

RONALD M. WHYTE
United States District Judge